UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROGER D. BRYANT

V

AHSBELL T. WALL, DIRECTOR OF
THE DEPARTMENT OF CORRECTIONS, ET AL

Ca.No: 06-321ML

PETITIONER'S RESPONS TO DEFENDANT'S
"OBJECTION"
TO PETITIONER'S WRIT OF HABEAS CORPUS

Now comes the petitioner, Roger D.Bryant, pro-se, and hereby respond to defendant's objection to petitioner's Writ of Habeas Corpus. In support of this respons, petitioner submits the accompanying memorandum.

Respectfully submitted

ROGER D.BRYANT, PRO-SE
P.O.Box 8274
Cranston, R.I. 02920

CERTIFICATION

I, Roger D.Bryant, hereby certfy that on the 20 day of September 2006 I sent a true copy of the within to the office of assistant Attorney General, Virginia M.McGinn, at 150 South Main Street, Providence, R.I. 02903.

ROGER D,BRYANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROGER D. BRYANT

V

ASHBELL T. WALL, DIRECTOR OF
THE DEPARTMENT OF CORRECTIONS, ET AL

Ca.No: 06-321ML

**MEMORANDUM IN SUPPORT OF PETITIONER'S**

**RRESPONS TO DEFENDANT'S OBJECTION**

It appears, after reading the defendant's objection, (fn-4) App. / p5 that the defendant's are of the opinion that because the trial justice allowed the "nurse" to testify as an expert that it allowed the prosecutor to violate Rule 16 of the Rhode Island Rules of Criminal Proceedure and call a witness without notifing the defense. Petitioner's asserts this as prosecutional misconduct where the prosecutor waited untill the last minute to produse the nurse. ( see Petitioner's petition, App. 1,p31L5-9 ) Petitioner raised this issue in his memorandum in support of his post conviction application.App. 2 p59

At petitioner's first post conviction hearing, the State's attorney brought petitioner's issue of prosecutional misconduct to the attention of the court stating that petitioner should be bared form litigating it because it should have been brought up on direct appeal. The hearing justice declined to answer at that time. P/C hearing 09/25/01 p7L 8-22

At the end of the post conviction hearing dated 08/01/02 petitioner told the hearing justice that he had two more witnesses one being the State's prosecutor, Mr. Moriwitz,for prosecutional misconduct, for calling the "nurse" without notifing the defense. and Judge Isreal, for not recursing him-self because of a conflict of intress. Both request were denied. Petitioner feels that being

denied was an error were he did not have the opportunity to argue his issue's on there merits.

As for the defendnat's opinion. The Rhode Island Law, and the Rhode Island Court Rules are very specific in stating how discovery is to be done, and the reasons it should be done that way.

Rule 16: Discovery and Inspection.

> A) Discovery by the defendant. Upon written request by the defendant, the attorney for the State shall permit the defendant to inspect or listen to and copy or photograph any of the following items within the prosecution, custody or control of the State, the existance of which is known, or by excercise of due dilligence may become known to the attorney for the State.

Petitioner's pre-trial attorney, Thomas Pearlman, filed a timely request for discovery requesting from the State a written list of names and addresses of <u>all</u> person's whom the State expects to call as witnesses. In the State's answer, the State supplied the names of twenty-six (26) witnesses. Along with the names of witnesses, as Rule 16-A.6,8 states, the State supplyied a summary of the witnesses expected testimony.

However, as to "Nurse O'Connor" being called as an, expert witness, the State <u>never</u> informed the defense of her name violating Rule 16-A.7.

> A.7) a written list of names and addresses of <u>all</u> persons whom the attorney for the State expects to call as witnesses at the trial in support of the State's direct case.

The State <u>never</u> presented the defense with a summary of the nurse's expected testimony violating Rule 16-A. 6,8.

> A.6) a written summary of testimony that the State intends to use under Rules 702,703,or 705 of the Rhode Island Rules of Evidence during its case-in-chief at trial, which describes the witness' opinions, the bases and reasons for those opinions, and the witnesses qualifications.

> A.8) as to those persons whom the State expects to call as witnesses at trial, all relevant recorded testimony before a grand jury or such persons and all written or recorded verbatim statements, signed or unsigned, of such persons and, if no such testimony or statement of a witness is in the possession of the State, a summary of the testimony such personsis expected to give at the trial.

The Rule 16 was disigned to be broad in scope so that niether the defense nor the prosecution is surprised at the trial. State v Powers 526 A2d 489 R.I.1987 . State v Boucher 542 A2d 236 R.I. 1988 State v Wilson 568 A2d 764 R.I 1990

Had the State notified the defense of its intention to call nurse, O'Connor, as an "expert" and suppllied a summary of her expected testimony, such as that of "reflex relaxation", the condition the nurse claimed the alleged victim had from "anal" penetration, (see petitioner's petition **App.1p325-330** ) then the defense could have had time to research "reflex relaxation" and aquier the enclosed affidavits **App.** 3 **p40.A-M** and **App.** 4 **42. A-B** to impeach the nurses testimony.

Were as the State did not notify the defense of O'Connor, and called her, at the last minute, at the end of the State's case-in-chife, left the defense with undo surprise thereby violating Rule 16.

However, the error does not lie with the State alone. The defense did have notice, through discovery, that the State was going to call the "examining doctor" and that he was going to testify as to the medical finding's of the alleged victim. One of the things the doctor would have testified to would have been on "reflex relaxation". The defense knowing this should have prepared for that type of testimony. Had the defense investigated and researchd, as they said they did, then they would have aquiered the enclosed affidavit's to impeach the doctor. As it is, the defense put on **NO** defense as to reflex relaxation. ( see petitioner's petition **App.1p331-343** )

**The enclosed App. p40.A-M and App. p42.A-B where entered into evidence, as full exhibits, in petitioner's post conviction. They were listed as plaintiff's exhibit's 40.A-M and 42.A-B. (see P/C hearing dated 11/21/01 p5L22-25,p6L1-8**

Because petitioner was intimidated, restricted and limited in his prosecution of his, pro-se, post conviction (see petitioner's petition **App. 4 p2-5**) petitioner was unable to bring the enclosed to the court's attention, through the examination of the defense attorney's.

The defendant's also seem to be under the opinion that the defense attorney's were not ineffective by making mere, tactical disision's such as instructing a client to write a "letter" explaing his side of the accusations, or for not objecting to the violation of the Court Rules. Because, those "tactical" disision's would not have prejudice the defense, or change the out-come of the trial. **App. / p5**

Petitioner questions what advantage would there be for a defense attorney to make a "tactical" disision to have a client write a "letter" explaining his side of the accusation, while the client is committed to a mental hospotal? Petitioner also question's; what advantage would a defense attorney have by making a "tactical" disision to not object to the violation's of Court Rules, when it was plain to do so greatly prejudice the defense case?

In conclusion; the State again argues that petitioner insisted on testifing at trial and in that testimony petitioner used graphic terms. **App. / p5** Petitioner argued in his appellant pre-brief (see petitioner's petition **App. 1 p9-10**) that trial attorney lied by saying that petitioner wanted to testify. Petitioner now request of this court to review that argument.

Respectfully submitted

ROGER D. BRYANT, PRO-SE
P.O.Box 8274
Cralnston, R.I. 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROGER D.BRYANT

V

ASHBELL T.WALL, DIRECTOR OF
THE DEPARTMENT OF CORRECTIONS, ET AL

Ca.No: 06-321 ML

CERTIFICATION

Now comes the petitioner and states that on this 20 day of September 2006 I sent a true copy of the within ANSWER to the State's Objections to Virginia M. McGinn, assistant Attorney General at 150 South Main Street, Providence, R.I. 02903

Submitted by Petitioner

Roger D. Bryant

ROGER D. BRYANT PRO-SE
P.O.Box 8274
Cranston, R.I. 02920