# APPENDIX

# #1

# Defendant's Obtection

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROGER D. BRYANT | : | |
| | : | |
| vi. | : | C.A. 06-321ML |
| | : | |
| ASHBELL T. WALL, DIRECTOR OF THE DEPARTMENT OF CORRECTIONS | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF STATE OF RHODE ISLAND'S OBJECTION TO PETITIONER'S WRIT OF HABEAS CORPUS**

**Facts And Travel**

Petitioner Roger Bryant was convicted by a Providence County Superior Court jury (Israel, J., presiding) of four counts of child molestation. Count One alleged that he convinced the six-year old complainant to penetrate her vagina with her own finger, Count Two alleged that he had digitally penetrated her, Count Three alleged anal intercourse and Count Four alleged second-degree sexual contact. On direct appeal, the Rhode Island Supreme Court affirmed his convictions on two of the four counts, Counts Three and Four.[1] *See* State v. Bryant, 670 A.2d 776, 778 (R.I. 1996).

Bryant subsequently filed a pro se motion for post conviction relief asserting ineffective assistance of counsel. Evidence and arguments relating to that motion were heard (Fortunado, J., presiding) on approximately ten different dates between September

---

[1] However, Bryant was entitled to acquittal with respect to Count One and a new trial with respect to Count Two. Count Two was later dismissed, pursuant to R.I. Super. Ct. Rule 48 (a).

25, 2001 and August 23, 2002, when the hearing justice denied the motion.[2] Following that decision, petitioner once again appealed to the Rhode Island Supreme Court. The Court affirmed the hearing justice's decision, finding that trial counsel had actually zealously represented Bryant and there was no merit to his claim of ineffective assistance. *See* Bryant v. Wall, 896 A.2d 704, 708 (R.I. 2006). Bryant has now filed the instant habeas petition claiming that the Rhode Island courts erred and again asserting that he received ineffective assistance of counsel.

**Discussion**

In order to succeed in a habeas petition, filed pursuant to the Antiterrorism and Effective Death Penalty Act, the petitioner must show that a state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). The first prong is satisfied if the state court applied a rule that directly contradicts a clearly established Federal law as determined by the United States Supreme Court. *See* Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005). If the correct law is cited, but the state court unreasonably applies the principles at issue to the facts of a particular case, then the second prong is satisfied. *Id.* It is not sufficient for the petitioner to demonstrate and for the Federal Court to determine that the state court applied the law *erroneously* or *incorrectly*, rather the application must be *unreasonable*. *See* Williams v. Taylor, 529 U.S. 362, 411 (2000).

The principles established in Strickland v. Washington, 466 U.S. 668 (1984), are "clearly established" federal law for the purpose of determining ineffective assistance of

---

[2] The transcripts of this hearing have been copied and will be forwarded to this Court under separate cover once the State's Motion to Exceed Page Limitation is granted.

counsel claims. *See* Ouber v. Guarino, 293 F.3d 19, 26 (1st Cir. 2002). Strickland utilizes a two-pronged approach to evaluate a defendant's Sixth Amendment claim. First, the petitioner must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and further that (2) counsel's ineffectiveness actually prejudiced him or her. So to succeed in such a claim, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment" and that those errors were so serious that he or she was "deprived of a fair trial, whose result is reliable". Strickland v. Washington, 466 U.S. at 687.

Bryant apparently claims that the Rhode Island Supreme Court acted unreasonably in denying his motion for post conviction relief based upon his claim of ineffective assistance of counsel. He bases this contention upon purported failures to object to certain evidence, specifically, the testimony of a nurse practitioner and the introduction of the victim's medical records and an incriminating letter. And he argues that he was sufficiently prejudiced by this evidence that his motion for post conviction relief should be granted.

Initially, it should be noted that the Rhode Island Supreme Court applied the proper law to its analysis of petitioner's claim of ineffective assistance of counsel. In order to address whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" (State v. Bustamante, 866 A.2d 516, 522 (R.I. 2005)), "we employ the now-familiar two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Bryant v. Wall, 896 A.2d at 707. The Court went on to

discuss the two prongs of Strickland, namely that the attorney's performance needs to have been so deficient that petitioner was effectively denied the assistance of counsel and additionally that absent that deficient performance, the result of the trial would have been different. *Id.* Therefore, it is clear that the state court utilized the proper standard to examine petitioner's claims and did not apply a rule or law that directly contradicted clearly established Federal law as determined by the United States Supreme Court. *See* Ouber v. Guarino, 293 F.3d at 26.

In order to determine if the state court *unreasonably* applied the proper law to the facts of this particular case, their analysis must be examined. With respect to the incriminating letter that was introduced at trial, wherein Bryant admitted to touching the victim,[3] the Rhode Island Supreme Court noted that not only did Attorney Pearlman deny instructing him to write the letter, but that even if he had, it was petitioner's own action of copying the letter and sending it to his friend, who in turn sent it to Bryant's wife, who then turned the letter over the Pawtucket police that resulted in the letter being available to be introduced at trial. Therefore, even if Attorney Pearlman's testimony was contradicted by something other than Bryant's conclusory statements on appeal, petitioner was only prejudiced by his own action of disseminating the letter to others.

Likewise, the court recognized that Attorney Cass's uncontradicted testimony at the hearing was that he did, in fact, object to the testimony of the nurse and to the introduction of the victim's medical records, but that the extent of those objections was

[3] In the letter Bryant states, "So, I had touched Cheryl's private to try to tell her and show her that it was bad, and that is true. The only thing is, it didn't stop there. I had done it several times more. I never went inside of her. I played with her, and I had masturbated in front of her, and that is all." (Tr. 1/17/02, p. 6).

"unclear from the record before us."[4] Bryant v. Wall, 896 A.2d at 708. But once again, the court found that even if the attorney had made the tactical decision to not strenuously object to the evidence,[5] it would not have resulted in prejudice or a different verdict in light of petitioner's devastating statements. In addition to the letter Bryant had written wherein he admitted to touching and playing with the victim, he insisted upon testifying at his trial in alarming and graphic terms.[6]

The hearing justice found both of Bryant's attorneys to be credible. (Tr. 8/23/02, p. 17)(He found "each of them to be credible witnesses."). He also recognized that their testimony describing their actions and strategy on behalf of petitioner was unchallenged. Bryant did not testify at the hearing and there was "not testimony on the record that I'm considering otherwise." (Tr. 8/23/02, p. 20). His finding that "there is nothing here on the record to suggest that these attorneys did anything but vigorously and diligently represent the interest of their client" (Tr. 8/23/02, p. 21) was not clearly wrong and did not misperceive or overlook relevant evidence and the Rhode Island Supreme Court did not act unreasonably in sustaining his decision. In fact, not only did it not act unreasonably, but it did not err in the face of petitioner's unsupported and conclusory statements and claims.

---

[4] It should be noted that the Rhode Island Supreme Court had previously affirmed the trial justice's decision to allow the nurse to testify as an expert in Bryant's direct appeal of his convictions. *See* State v. Bryant, 670 A.2d at 782.

[5] Mere tactical decisions, even if ill advised, do not alone constitute ineffective assistance of counsel. *See* State v. Bustamante, 866 A.2d 516, 523 (R.I. 2005).

[6] According to Attorney Cass, "I especially warned him that if he testified with the same words that he said to me, especially the part about- he used the term 'popped her cherry', he used it on the stand. I almost died. I told him if he testified anywhere close to that, and I said, 'The jury would come back with a rope instead of a verdict,' but he insisted on testifying." (Tr. 8/1/02).

## Conclusion

For the foregoing reasons, the state respectfully requests that Bryant's petition for habeas corpus be denied and dismissed.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
vmcginn@riag.ri.gov

## CERTIFICATION

I hereby certify that on the 5th day of September, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Roger D. Bryant, Pro Se, P.O. Box 8274, Cranston, RI 02920.

/s/ Virginia M. McGinn