UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ROGER D. BRYANT**

v.                                             C.A. No. 06 - 321 ML

**A.T. WALL**, Director, Rhode
Island Department of Corrections

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

On July 17, 2006, Roger D. Bryant ("Bryant" or "petitioner") filed with the Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Attorney General of the State of Rhode Island, designated a party-respondent, filed an Objection to the petition. Bryant, in turn, filed a Reply. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that Bryant's petition be denied, and the petition dismissed. I have determined that a hearing is not necessary.

### Background

Roger D. Bryant resided in Pawtucket with his wife and her three children - Susan, Thomas and John (not their real names) and his adopted daughter Jean. Jean learned from Susan that Bryant may have sexually assaulted her. Jean confronted Bryant with this information. Bryant ultimately admitted to Jean that he had shown Susan, who was five years old, the difference between a "good"

1

touch and a "bad" touch. Following a police investigation, Bryant was charged with numerous counts of sexual assault. Count one alleged that he had directed the victim to digitally penetrate her vagina using her own finger, count two alleged that he himself had digitally penetrated the victim, count three alleged anal intercourse, and count four charged second degree sexual assault.

In 1993, a trial commenced before a state Superior Court jury. Susan testified at trial concerning the abuse she suffered at the hands of Bryant and the state presented several additional witnesses in support of its case in chief. Additionally, the state presented an inculpatory letter that Bryant had himself penned. Bryant also testified in his defense during the course of the trial. The jury ultimately convicted Bryant on all four counts. The trial justice sentenced him to serve a fifty year sentence.

Bryant appealed the conviction to the Rhode Island Supreme Court. On appeal, the state supreme court ordered a judgement of acquittal on count one and that a new trial be held on count two. State v. Bryant, 670 A.2d 776 (R.I. 1996). The court affirmed counts three and four. Id. The state never re-tried Bryant on count two.

Bryant thereafter filed in the state courts an application for post conviction relief pursuant to R.I. Gen. Laws § 10-9.1-1 claiming, *inter alia*, ineffective assistance of counsel. After no fewer than ten hearings, the hearing justice denied Bryant relief.

Bryant appealed to the state supreme court. The state supreme court affirmed. Bryant v. Wall, 896 A.2d 704 (R.I. 2006).

On July 17, 2006, Bryant filed a "Petition for Writ of Certiorari" in this Court, claiming that he received ineffective assistance of counsel during his trial and pre-trial phase. This Court construed the filing as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Attorney General objected to the petition. Bryant filed a Reply.

## Discussion

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") significantly limits the scope of federal habeas review. AEDPA precludes the granting of habeas relief to a state prisoner unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" federal law if the state court applies a legal principle different from the governing principal set forth in Supreme Court cases, or if the state court decides the case differently from a Supreme Court case on materially indistinguishable facts. Bell v. Cone, 535 U.S. 685, 694 (2002)(citing Williams v. Taylor, 529 U.S. 362, 405 (2000)).

To hold that a state court's decision is an "unreasonable application" of clearly established federal law, the federal habeas court must find that "the state court correctly identifie[d] the

3

governing legal principle from [Supreme Court] decisions but unreasonably applie[d] it to the facts of the particular case." Bell, 535 U.S. at 697. In making this determination, a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. The Court should be mindful that in order to grant habeas relief, the state court decision must be objectively unreasonable as opposed to merely incorrect. Id. ("A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."). Finally, the court's focus "is not how well reasoned the state court decision is, but whether the outcome is reasonable." Hurtado v. Tucker, 245 F.3d 7, 20 (1st Cir. 2001), cert. denied, 534 U.S. 925 (2001).

AEDPA also provides that the federal habeas court shall presume that the state court's determination of factual issues is correct and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Bryant claims that he received ineffective assistance of counsel. Specifically, he claims (1) that counsel that represented him during the pre-trial phase was inadequate, arising from a

letter counsel allegedly asked Bryant to write; and (2) trial counsel was deficient during the course of his trial. The Rhode Island Supreme Court rejected these claims on his post-conviction appeal. Consequently, this Court must review the claims under § 2254(d)(1), and federal habeas relief will only be warranted if the Rhode Island Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established precedent governing ineffective assistance of counsel claims is the two-pronged standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "A criminal defendant claiming a Sixth Amendment ineffective assistance of counsel violation must establish that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Smiley v. Maloney, 422 F.3d 17, 22 (1st Cir. 2005)(quoting Strickland, 466 U.S. at 684). Under the first prong of Strickland, there is a "strong presumption" that counsel's strategy and tactics fall "within the range of reasonable professional assistance" and courts should avoid second guessing counsel's performance with the use of hindsight. Strickland, 466 U.S. at 689.

> It is all too tempting for a defendant to second guess counsel's assistance after conviction..., and it is all too easy for a court, examining counsel's defense after it proved unsuccessful, to conclude that a particular act

5

or omission of counsel was unreasonable. Id. It is only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it that the ineffective assistance prong is satisfied. Under the prejudice prong, not all errors by counsel are sufficient to meet that standard of reasonable probability that, but for counsel's errors, the result of the proceeding would have been difference. Id. at 693-94. Rather, " '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Smiley, 422 F.3d at 20 (quoting Strickland, 466 U.S. at 694). This is a "highly demanding" and "heavy burden." Williams, 529 U.S. at 393. A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong. Strickland, 466 U.S. at 697.

Here, the Rhode Island Supreme Court correctly applied the appropriate standards announced in Strickland to the petitioner's claims. See Bryant v. Wall 708 A.2d 704. Thus, the state supreme Court decision is not "contrary to" federal law. See Bell, 535 U.S. at 694 (a decision is contrary to federal law if the state court applies a legal principle different from the governnning legal princinpal set forth in Supreme Court cases). Thus, the only question that remains is whether the state supreme court's decision was unreasonable. See 28 U.S.C. § 2254(d)(1).

## A. Inadequate Assistance of Pre-trial Counsel

As his first claim for federal habeas relief, Bryant asserts that his pre-trial counsel was constitutionally inadequate. Bryant claims that the attorney who represented him prior to trial, Thomas Pearlman, asked him to write a letter describing the events which led to his arrest. Bryant contends that this was an error on Pearlman's part, and that he was prejudiced by this request because the letter contained incriminating statements. Bryant sent the letter to a third party and was later presented as evidence during his trial by the state. At the state court post-conviction hearing, attorney Pearlman indicated that he did <u>not</u> request such a letter from Bryant. <u>Bryant</u>, 708 A.2d at 708.

Accepting as true *arguendo* Bryant's assertion that Pearlman requested the letter, and assuming *arguendo* that this was deficient conduct, the state supreme court found that Pearlman's conduct was not the source of Bryant's trouble. The state supreme court found that Bryant provided a copy of the letter to a friend, who then gave the letter to Bryant's wife, who in turn provided it to the police. <u>Id</u>. Therefore, the state supreme court found, that even if Pearlman was deficient in requesting the letter, it was Bryant's "imprudence," and not his attorney's, that ultimately led to the admission of the letter into evidence. <u>Id</u>. Therefore, the state court held that Bryant's claim of ineffective assistance of counsel on this claim was without merit. <u>Id</u>.

Issues of fact decided by the state court are accorded a great amount of deference in habeas corpus proceedings. <u>See</u> 28 U.S.C. § 2254(e)(1). Here, however, it is undisputed that Bryant himself provided this incriminating letter to a friend, which ultimately resulted in letter landing in the hands of the prosecutor. Thus, it was Bryant's own actions that caused the letter being introduced as evidence at trial. There are no allegations that counsel directed Bryant to publish this letter to others.

Accordingly, the decision by the state supreme court finding this claim to be without merit clearly is not unreasonable. Bryant can not blame his lawyer for his own misguided actions.

**B. Inadequate Assistance of Trial Counsel**

Next, Bryant claims that his trial counsel, Frederick Cass, was deficient and committed three errors, entitling him to habeas relief. First, Bryant contends that trial counsel failed to object when the state presented a witness not disclosed during discovery. Second, Bryant claims that trial counsel failed to object to the admission of the victim's medical records. Finally, Bryant contends that trial counsel failed to advise him not to testify at his trial.

The state supreme court found no merit in Bryant's contention that trial counsel failed to advise him not to testify. Indeed, trial counsel testified on this matter during a state post conviction hearing, indicating that he <u>strenuously</u> pleaded with

8

Bryant not to testify. Bryant, 896 A.2d at 708. The state courts credited trial counsel's testimony on this matter. Id.

Again, issues of fact decided by the state court are provided great deference during federal habeas corpus proceedings. The state court found that trial counsel properly advised Bryant not to testify at his trial, despite Bryant's contention to the contrary. No evidence was presented during the state court proceedings which contradicted this finding. More importantly, no evidence has been presented here with refutes this factual finding by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Therefore, plaintiff's claim that trial counsel failed to properly advise him not to testify is without merit.

Next the state court, in analyzing Bryant's additional claims against his trial counsel, considered only the second prong of the Strickland standard.[1] Under the second prong, Bryant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Smiley, 422 F.3d at 20. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Smiley, 422 F.3d at 20 (quoting Strickland, 466 U.S. at 694).

The state court found that, in light of the victim's testimony, Bryant's own testimony, and his incriminating letter,

---

[1] Bryant's failure to satisfy one prong of the Strickland analysis obviates the need for the court to consider the second prong. Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006).

there was no indication that the result of the proceeding would be different. Bryant, 896 A.2d at 896. Nothing presented by Bryant in this proceeding has demonstrated that this finding is incorrect, let alone unreasonable.

Accordingly, the state supreme court's decision finding that the result of the proceedings would not have been different was not unreasonable. Therefore, Bryant's petition for a writ of habeas corpus should be denied. I so recommend.

### Conclusion

For the reasons set forth above, I recommend that Bryant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and this matter dismissed. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 ( 1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

---
Jacob Hagopian
Senior United States Magistrate Judge
November 1, 2006