UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROGER D, BRYANT

V

C.A.No. 06-321 ML

A.T.WALL,Director of the
Department of Corrections
in state of Rhode Island

MEMMEMORANDUM IN SUPPORT OF
PETITIONER'S OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION

It appears that the Magistrate is in agreement with the State Court's in that petitioner did not prove his issue's of ineffective assistance of counsel's either by the preponderenc of evidence and/or by the prejudiec prong in STRICKLAND 466 US 669. Petitioner disagrees and states that the State Court's opinion and the Magistrate's recommendation is unreasonable and contrary to the Law.

Petitioner prove the first prong in STRICKLAND, by the preponderence of evidence, which is required in the Rhode Island Rules of Civil Proceedure, in a State Post Conviction Pteition, that Petitioner's Defense counsel's Thomas Pearlman and Frederick Cass, where ineffective in their representation. Preponderence of evidence means, evidence that is more probable, given the facts, than evidence less probable, given the same facts.

Petitioner proved, without question, that Pearlman was ineffective by instructing petitioner to write the"incriminating letter". Contrary to Pearlman's assertion that he did not instruct Petitioner to write the "letter" or that he had ever recieved it, Petitioner proved that he did. Petitioner submitted into evidence, in his Writ, the testimony of Thomas Hill. Hill testified that he had contacted Pearlman concerning the wearabouts of the original and that Pearlman

told him that he had the original. The only way that Pearlman could have had the original at that time was for Petitioner to hve given it to him. (see App. (1)p 288-296

The Court's say that it was Petitioner's own fault that he published the letter. Petitioner argues that Pearlman should never have put Petitioner in the possision of the possibility of incriminating him-self. No competent attorney would ask his client to write something that would be used against him. Especially while the client was in a mental institution undergoing a competency evaluation. The attorney would not know what the client would say, or do with whatever he wrote.

Petitioner proved, by the preponderence of evidence, that Cass was ineffective by not objecting to O'Connor as a witness and for not objecting to the "medical records"being entered into evidence without foundation. Conrary to Cass' assertions that he had made objections to O'Connor as a witness. Petitioner proved that he in fact did not. Cass testified that he had made his objections to O'Connor as a witness, pre-trial. However, Cass nor the State produced any proff of any objections. Had Cass made any objections pre-trial the proper way to preserve them is to renew the objection in open court, at trial. Petitioner told the hearing judge that no where in the trial transcripts, which the hearing judge had in frount of him, does it show Cass objecting to O'Connor as a witness.

The Court's, and unreasonable so, took the testimony of Cass as the fact that he did make the objection rather than the accual proof , the trial transcripts, that he in fact did not make the objections. The above also applys to Cass' ineffectiveness for not objecting to the State entering into evidence "medical records" without proper foundation. The Court's refer to the medical records

as that of the alleged victim's. Petitioner has continuasly shown that the "medical records" were never shown or proven to be that of the alleged victim's. Petitioner proved this in the testimony of O'Connor. (see **App. (1)p326-331** in Petitioner's Writ)

As to the second prong of <u>**STRICKLAND**</u> Petitioner proved, by the preponderence of evidence, that but for counsel'd ineffectiveness the outcome would have been different,

The Court's say that absent ANY ineffectiveness of counsel's, what convicted Petitioner was the victim's testimony, Petitioner's testimony, and the incriminating letter. The opinion of the Court's is unreasonable and contrary to the Law.Petitioner was convicte of penetrating the alleged victim's anus. No where in ANY testimony and or letter does it prove that Petitioner in fact "penetrated" the alleged victim's anus.

The alleged victim testified that Petitioner had put his private in her back private one time, a little bit. It was the State that defined the area as that of the "BUM. not the anus. <u>Rhode Island General Law</u> 11-37-1 Defines the Buttocks, BUM, as one area and the anus as another area. There was NO indipendent proof other than the alleged victim's testimony to show that petitioner had in fact penetrated the alleged victim's anus, even a little bit. Petitioner cited <u>**Commonwealth v Nylander**</u> 532 N.E.2d 1223 to show the Court's that it had been ruled on saying that the "anus has NEVER included the buttocks, or the grove between the buttocks.

What convicted Petitioner was the testimony of O'Connor testifing to medical records that the alleged victim had what she called reflex relaxation. A condition that O'Connor say's is caused by penetrating the anus. (see **App. (1)p325-330** in Petitioner's Writ)

Without O'Connor's testimony and the medical records Petitioner states that the State did not meet their burden of proving first degree sexual assault; According to Rhode Island General Law 11-37=1

As for Petitioner's testimony Petitioner never testified he, in anyway penetrated the alleged victim's anus. Petitioner only tedtified that he touched the alleged victim, and only for innocent reasons. (see **App.**(1) **p421-480** in Petitioner's Writ)

The "incriminating letter" if it is to be used against petitioner in violation of Rhode Island General Law 40.1-5.3-3 (n) only states that Petitioner only touched the alleged victim, It does not give any inference that Petitioner penetrated the anus of the alleged victim.

Where the Magistrate expressed an opinion as to Petitioner testifing against counsel's advice Petitioner will respond by asking this Court to examin Petitioner's argument in Petitioner's Appellant pre-brief. (see **App.** (4) **p9-10**)

Petitioner believes that he has proven that he has meet, and satisfied, the two prong test in **STRICKLAND**. Petitioner would like to remind this court that Petitioner is not trained in the Law. Petitioner, having such little time to try and profect an specific appeal leaves Petitioner at a disavantage to further argue his issue's. Therefore, IF this court feels that Petitioner has NOT meet the two prong test in **STRICKLAND**, form the evidence produced, then Petitioner request the assistance of an attorney, or at the very least time to profect a proper brief in support of his appeal.

Respectfully Submitted

[signature]

ROGER D. BRYANT, PRO-SE
P.O.Box 8274
Cranston, R.I. 02920
11/28/06

RHODE ISLAND GENERAL LAW 40.1-5.3-3(n) STATES:

STATEMENTS INADMISSIBLE.

NO statement made by a defendant in the course of an examination conducted pursuant to subsection (d) or during a hearing conducted pursuant to subsection (i) or (m) shall be admissible in evidence against the defendant in any criminal action on any issue other than his or her mental condition. The statements shall be admissible on the issue of his or her mental condition even though they might be deemed to be privileged communications.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROGER D. BRYANT

V

C.A.No. 06-321-ML

A.T.WALL, Director of the
Department of Corrections
in Rhode Island

CERTIFICATION

Petitioner, Roger D. Bryant do hereby state that he has sent a true copy of the within objection by regular mail to Virgina M. McGinn, assistant Attorney General, at 150 South Main Street, Providence, R.I. 02903 on this 28th day of November 2006

Roger D. Bryant

ROGER D.BRYANT, PRO-SE
P.O.Box 8274
Cranston, R.I. 02920